IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANTHONY KELLY, GREGORY COOK, GERALD FAIR, JACK HOFFMAN, CHRISTOPHER KUNKLE, CHAD LALLIER, DAVID PLUNKETT, SAMUEL REYES, FREDERICK RUFF, and MICHAEL SHARPE,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CITY OF ALEXANDRIA,<br><br>*Defendant*. | Civil Action No.: 1:22-cv-196 |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. COSTS ARE NOT RECOVERABLE BY DEFENDANT EMPLOYERS IN FLSA ACTIONS ..............................................................................................................................2

III. COSTS SHOULD NOT BE TAXED PURSUANT TO FED. R. CIV. P. 54 ....................4

    A. The Fourth Circuit's Factors Weigh Against Awarding Defendant Its Costs ...................................................................................................................5

        1. The disposition of Plaintiffs' case included difficult, close issues, which weighs in favor of denying an award of costs. ...............................5

        2. Plaintiffs' case has merit, weighing in favor of denying an award of costs. ......................................................................................................6

        3. Awarding costs in this case would chill future FLSA and civil rights litigants from seeking their day in court, which weighs in favor of denying an award of costs. .........................................................7

IV. COSTS SHOULD NOT BE TAXED WHILE THIS CASE IS ON APPEAL...................8

V. CONCLUSION .....................................................................................................................9

I.     **INTRODUCTION**

Plaintiffs Anthony Kelly, Gregory Cook, Gerald Fair, Jack Hoffman, Christopher Kunkle, Chad Lallier, David Plunkett, Samuel Reyes, Frederick Ruff, and Michael Sharpe (collectively "Plaintiffs") hereby offer this Objection to Defendant the City of Alexandria's ("Defendant" or "The City") Bill of Costs. Dkt. 54.

The federal Fair Labor Standards Act ("FLSA") does not provide for an award of fees and costs to a prevailing defendant; instead, the FLSA only allows for fees and costs to prevailing plaintiffs. *See Hathaway v. Smallcakes Steele Creek, LLC*, No. 3:21-CV-00290-FDW-DSC, 2021 U.S. Dist. LEXIS 168592, at *7 (W.D.N.C. Sep. 7, 2021) ("Plaintiff objects . . . arguing the FLSA does not allow for attorney fee awards to a prevailing defendant. . . The Court agrees with Plaintiff."); *Mode v. S-L Distribution Co., LLC*, No. 3:18-CV-00150-KDB-DSC, 2021 U.S. Dist. LEXIS 165511, at *51-52 (W.D.N.C. Aug. 31, 2021) ("While courts have awarded fees against plaintiffs in FLSA actions, such awards are limited to the rare circumstances, plainly not found here, where the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)); *EEOC v. Clay Printing Co.*, 13 F.3d 813, 817 (4th Cir. 1994) ("Thus, this much is readily apparent -- under FLSA, a defendant employer is liable for attorney's fees to a prevailing plaintiff-employee. . . . The statute does not provide that a prevailing defendant may likewise recover his fees; rather, the statute is silent on the point. EEOC makes too much of this silence.").

Moreover, district courts have held that an employer cannot recover costs in an FLSA action. *See Sanchez v. Nitro Lift Technologies, L.L.C.*, 91 F. Supp. 3d 1218, 1222 (E.D. Okla. 2015). Accordingly, this Court should not tax any costs to Plaintiffs here and Defendant's Bill of Costs should be rejected in full. Likewise, the Virginia Wage Payment Act ("VWPA"), Va. Code §§ 40.1-29 *et seq.*, and Virginia Overtime Wage Act ("VOWA"), Virginia Code § 40.1-29.2 *et*

*seq.*, do not permit a prevailing defendant to recover its costs, nor is there any support for such an extraordinary request under Virginia law. *See, e.g.*, *Commonwealth ex rel. Fair Hous. Bd. v. Windsor Plaza Condo. Ass'n*, 289 Va. 34, 67, 768 S.E.2d 79, 95 (2014) (allowing costs to be awarded to a prevailing defendant only when the statute referenced that a court may allow the "**prevailing party**" to recover costs); *see also* Va. Code § 40.1-29(J) (specifically commanding courts to award reasonable attorneys fees and costs to a prevailing **plaintiff**).

Moreover, this Court should also exercise its discretion and deny all costs pursuant to Fed. R. Civ. P. 54(d) as inequitable, given Plaintiffs' good faith in bringing this action and the closeness and difficulty of the issues presented to the Court. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("We have recognized additional factors to justify denying an award of costs, such as their excessiveness in a particular case, the limited value of the prevailing party's victory, ***or the closeness and difficulty of the issues decided***." (emphasis added)).

Regardless, should the Court be inclined to tax any costs against Plaintiffs, Defendant's Bill of Costs should be deferred until after the Fourth Circuit's final disposition of Plaintiffs' forthcoming appeal.

## II. COSTS ARE NOT RECOVERABLE BY DEFENDANT EMPLOYERS IN FLSA ACTIONS

While the Fourth Circuit has yet to weigh in on this issue, in *Zaborowski v. MHN Gov't Servs.*, the Ninth Circuit confirmed that the FLSA does not provide for an award of fees and costs to any prevailing party; instead, the FLSA only allows for fees and costs to prevailing plaintiffs. *See e.g. Zaborowski v. MHN Gov't Servs., Inc.*, 936 F. Supp. 2d 1145, 1154 (N.D. Cal. 2013), aff'd, 601 F. App'x 461 (9th Cir. 2014) (The FLSA requires an award of fees and costs to the prevailing plaintiff, but not to the prevailing defendant); 29 U.S.C. § 216(b); *Mach v. Will Cnty.*

2

*Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) (The FLSA fee-shifting provision refers only to a prevailing plaintiff, *see* § 216(b), and says nothing of a prevailing defendant.).

Furthermore, district courts have held that an employer cannot recover costs in an FLSA action. *Sanchez v. Nitro Lift Technologies, L.L.C.*, 91 F. Supp. 3d 1218, 1222 (E.D. Okla. 2015) (FLSA afforded employees the right to bring action without fear of bearing employer's attorney fees unless employees litigated in bad faith, and provision would deter substantial number of litigants similarly situated to the employees, as they would fear being stuck with substantial fees and costs if they did not prevail). And, under the FLSA, a prevailing defendant is only awarded fees when the plaintiff litigated in bad faith. *See e.g., Summers v. Teichert & Son, Inc.*, 127 F3d 1150, 1154 (9th Cir. 1997) citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (grant of attorneys' fees to defendant in civil rights actions only "upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation.").

Defendant has not alleged bad faith on the part of Plaintiffs or their counsel (nor could it). *See e.g. Rothenberg v. Sec. Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984) *citing* Green, *From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts*, 69 Cornell L.Rev. 207, 279–80 (1984) (In determining the propriety of a bad faith fee award, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.").

Indeed, Plaintiffs' claims cannot be considered objectively frivolous, unreasonable, or without foundation as demonstrated by the Parties' detailed motion work, including supplemental briefing on the Supreme Court's recent decision in *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677 (2023), and this Court's lengthy opinion granting Defendant summary judgment[1] but

---

[1] Plaintiffs disagree with the Court's analysis and will file a Notice of Appeal to the Court of Appeals for the Fourth Circuit challenging the Court's Opinion and Order denying Plaintiffs'

3

conceding that Plaintiffs were nevertheless "hourly-rate employees" that required analysis under the alternative salary basis test contained in 29 C.F.R. § 541.604(b) (and thus a discussion of the application of *Helix*). *See* Dkt. 52 at 8.

Therefore, because the FLSA does not allow for taxation of costs to a prevailing defendant-employer, except under a specific finding of bad faith, which is not present here, Defendant's request for cost must be denied in its entirety.

### III.    COSTS SHOULD NOT BE TAXED PURSUANT TO FED. R. CIV. P. 54

Alternatively, even though the FLSA's fee and cost shifting mechanism categorically forecloses an employer-defendant from recovering costs, the text of Rule 54(d) explicitly provides that a court may decline to award costs. *See e.g.*, Fed. R. Civ. P. 54(d) ("[u]less . . . a court order provides otherwise"); Local Rule 54-1(a) (same). "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *see also Migis v. Pearle Vision Inc.*, 135 F. 3d 1041, 1049 (5th Cir. 1998) (the trial court "has wide discretion with regard to the costs in a case and may order each party to bear his own costs") (internal citation omitted). Rule 54's language, "unless the court otherwise directs," is generally considered to state an equitable principle which vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions. *See Allstate Inc. Co. v. Jones*, 763 F. Supp. 1101, 1102, (M.D. Ala. 1991) (internal citations and quotation marks omitted); *see also Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) ("Although the district court has the discretion to deny an award of costs, it must articulate some good reason for its denial." (internal quotation marks omitted));

---

Motion for Partial Summary Judgment and Granting Defendant's Motion for Summary Judgment, entered on June 13, 2023 (Dkts. 52-53). Accordingly, Plaintiffs' do not concede the Court's ruling is proper but cite to the record to support Plaintiffs' objection to tax of costs.

4

*Jefferson v. City of Fremont*, No. C-12-0926, 2015 WL 1264703 *3 (N.D. Cal. Mar. 19, 2015). Indeed, the Fourth Circuit has specifically identified five non-exhaustive factors courts in this Circuit may rely on in denying a bill of costs. *See Ellis*, 434 F. App'x at 235.

### A. The Fourth Circuit's Factors Weigh Against Awarding Defendant Its Costs

The Fourth Circuit has approved several reasons for denying an award of costs including: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *See id.* However, these reasons do not constitute an exhaustive list. *See id.*

#### 1. The disposition of Plaintiffs' case included difficult, close issues, which weighs in favor of denying an award of costs.

Whether Plaintiffs are entitled to overtime protection under the FLSA and Virginia law was a close issue, which involved detailed legal and evidentiary analysis. *See id.* ("[T]he district court correctly found that the issues in the case were close and difficult. The case was hotly contested at trial and in the previous appeal. The legal issues in the case were not as clear cut as [the defendant] would have us believe."); *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 732-33 (6th Cir. 1986) (affirming denial of costs to successful defendant; a case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement so the perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.").

This case has been actively litigated since February 2022 and includes difficult and fact intensive analysis that required detailed motion work including on hotly contested issues (salary basis test) that were pending consideration in the Supreme Court for the majority of this case's existence. *See generally Helix*, 143 S. Ct. 677. In this Court's decision granting Defendant

5

summary judgment, the Court conceded that Plaintiffs had offered evidence to allow the Court to find that Plaintiffs were hourly-rate employees (and thus rejecting Defendant's position that Plaintiffs were paid on a salary basis pursuant to 29 C.F.R. § 541.602(a)). *See* Dkt. 52 at 8. Additionally, the Parties submitted competing motions for summary judgement that included 144 pages of briefing and voluminous exhibits.[2]

Because this case required Plaintiffs and the Court to "recognize, sift through and organize relevant evidence" in order to "discern[] the law of the case," and because Plaintiffs' case is one that included difficult issues, that were also close, this reason weighs in favor of denying an award of costs.

        2.     <u>Plaintiffs' case has merit, weighing in favor of denying an award of costs.</u>

Plaintiffs' claims were not meritless. *Mexican-American Educators*, 231 F.3d at 593 (9th Cir. 2000) (costs denied where, "[a]lthough [p]laintiffs [did] not prevail . . . their claims [were] not without merit."). This Court acknowledged that Plaintiffs had offered evidence establishing that they were treated as hourly-rate employees "because their pay for those weeks with overtime hours was always directly a function of those hours worked." Dkt. 52 at 8-9. While the Court ultimately went on to find that Plaintiffs met the alternative salary basis test in § 604(b), Plaintiffs prevailed on one of the central arguments Defendant presented in its defense of this case—§ 602(a)'s default salary basis test. *Id.* ("Therefore, inconsistent with § 602(a)'s salary basis requirements, it cannot be said, Plaintiffs received the full salary for work in any week without regard to the number of

---

[2] Not including cover pages, tables of contents, certificates of service, and appendices: Defendant's Motion (Dkt. 31) consisted of a 27-page brief; Plaintiffs' Opposition (Dkt. 37) consisted of a 30-page brief; and Defendant's Reply in support (Dkt. 38) consisted of a 20-page brief. Plainitffs' Motion (Dkts. 34-35) consisted of a 22-page brief; Defendant's Opposition (Dkt. 39) consisted of a 15-page brief; and Plaintiffs' Reply in support (Dkt. 40) consisted of a 11-page brief. Further, Plaintiffs filed a 10-page supplemental brief (Dkt. 49), and Defendant filed a 9-page supplemental brief (Dkt. 48).

6

hours they worked[.]"). And as the Supreme Court's decision in *Helix* illustrates, the question of what constitutes a "guarantee" for purposes of § 604(b), as well as what other conditions must be met under that section, were hotly contested issues among the district courts throughout the duration of this case (and some would argue, still are). These facts can hardly support an argument that Plaintiffs' claims are meritless and thus this reason supports denying an award of costs.

> 3. <u>Awarding costs in this case would chill future FLSA and civil rights litigants from seeking their day in court, which weighs in favor of denying an award of costs.</u>

Courts have refused to award prevailing defendants costs in actions like this one out of a concern that an award of costs would have a chilling effect on future civil rights litigation:

> Furthermore, the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area. While we reject Stanley's claims, we also note that they raise important issues and that the answers were far from obvious. Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).

*Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2009 U.S. Dist. LEXIS 71461, at *9 (N.D. Cal. Aug. 4, 2009) (citing *Stanley v. University of So. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999)). "[D]ivesting district courts of discretion to limit or to refuse such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases like this one might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all." *See Mexican-American Educators*, 231 F. 3d 591; *Washburn v. Fagan*, 2008 WL 361048, at *2 9 (N.D. Cal. Feb. 11, 2008) (denying costs of $16,268.71); *see also Schaulis v. CTB/McGraw–Hill, Inc.*, 496 F.Supp. 666, 680 (N.D. Cal. 1980) (denying costs where the case had been "vigorously litigated," and where an award of costs would "chill individual litigants of modest means seeking to vindicate their individual and class rights under the civil rights laws.").

Here, Plaintiffs are or were Battalion Chiefs of the City of Alexandria Fire Department. They are dedicated to ensuring their community and neighboring communities are kept safe from fires and other nefarious threats. They have dedicated their lives to this honorable pursuit, and we all owe them a debt of gratitude. Yet in the course of their employment, Plaintiffs had the courage to come forward and request redress for issues with their compensation which, at a minimum, were close, difficult, and largely unresolved in the Fourth Circuit. Indeed, the Supreme Court even granted review and ultimately weighed in on a case with similar issues, further supporting Plaintiffs' position. *Helix*, 143 S. Ct. at 677. Imposing costs on the Plaintiffs here would deter aggrieved employees from undertaking the responsibility of asserting their right to fair pay in future cases, which would impact not only individual plaintiffs, but entire classes of people. Thus, this reason weighs heavily in favor of refusing the bill of costs.

In conclusion, the factors set forth by the Fourth Circuit in *Cherry v. Champion Int'l Corp.*, in addition to other, non-enumerated factors set out above, weigh heavily in favor of Plaintiffs such that an award of costs should be denied. 186 F.3d 442, 446-47 (4th Cir. 1999).

### IV. <u>COSTS SHOULD NOT BE TAXED WHILE THIS CASE IS ON APPEAL</u>

The Advisory Committee Notes on Rule 54(d) explicitly permit the court to defer ruling on costs during an appeal or to deny the motion without prejudice for re-filing after the appeal has been resolved. *See* Fed. R. Civ. P. 54(d) Advisory Committee's note to 1993 Amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under the subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Dunklin v. Mallinger*, 2013 U.S. Dist. LEXIS 85340, at *3 (N.D. Cal. June 17, 2013) (finding Advisory Committee notes applies equally to ruling on bill of costs and deferring consideration of costs until after appeal); *Farmers Ins. Exchange Claims Rep. Overtime Pay Litig.*, MDL No. 33-1439(A),

8

2009 WL 3834034 at *3 (D. Or. Nov. 13, 2009) (same). Because Plaintiffs will soon file a Notice of Appeal, the Court need not rule on Defendant's bill of costs at this time. And, particularly where, as here, the issues of law are close, an assessment of costs should be deferred until the appellate process is complete.

**V.     CONCLUSION**

The Court should deny Defendant's Bill of Costs for three reasons.

First, the FLSA, VWPA, and VOWA only provide for costs to a prevailing plaintiff—not to prevailing defendant-employers. Accordingly, Defendant's bill of cost should be denied in its entirety.

Second, the Fourth Circuit's factors weigh against awarding costs to Defendant. Accordingly, this Court should exercise its discretion and deny Defendant's bill of costs in its entirety.

Finally, because Plaintiffs will soon file their notice of Appeal to the Fourth Circuit, the Court should defer ruling on Defendant's bill of costs until the appellate process is complete.

Respectfully submitted this July 11, 2023,

/s/ *Robert Tucci*
Robert W.T. Tucci
Virginia State Bar No. 97446
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone:     301-587-9373
Facsimile:     240-839-9142
E-mail: rtucci@zagfirm.com

*Counsel for Plaintiffs*

9

On July 11, 2023, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled:

**PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS**

on all the appearing and/or interested parties in this action as follows:

David F. Dabbs
VSB No. 32808
McGuireWoods LLP
Gateway Plaza
800 E. Canal St.
Richmond, Virginia 23219
Main: 804.775.1000
Direct: 804.775.7644 [pending possible change to 804.775.1180]
Facsimile: 804.775.1061
Cell: 804.314.9043
ddabbs@mcguirewoods.com

*Counsel for Defendant City of Alexandria*

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Arlington, Virginia in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Spiggle Law Firm, PLLC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by the USPS for overnight delivery.

☒ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission through either the Court's CM/ECF system, via electronic mail, or an electronic service provider to the addressee(s) listed above on the date below.

☐ **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

Executed on July 11, 2023, at Silver Spring, Maryland.

                                                                */s/ Robert Tucci*
                                                                Robert W.T Tucci